UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMEEL IBRAHIM,** | Civ. No. 19-13601 (KM) (SCM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **WELLS FARGO BANK, N.A., TIMOTHY J. SLOAN, TAMARA SUVIL,** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Jameel Ibrahim, *pro se*, brings an action against Wells Fargo Bank, N.A., Timothy J. Sloan, and Tamara Suvil, alleging state law claims for breach of contract, breach of express warranty, fraudulent misrepresentation, negligence, and conversion of property. (DE 1.) Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (DE 19.)

Because this is a state-law case in which a New Jersey plaintiff sues a group of defendants including one citizen of New Jersey, this Court lacks subject matter diversity jurisdiction over the case under 28 U.S.C. § 1332(a). I will grant Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The dismissal, being jurisdictional, is without prejudice to the claims being brought in the proper state-court forum. I do not reach defendants' motion insofar as it seeks to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**I.     Background**

For purposes of this motion to dismiss, I accept all allegations in the Complaint as true. On or around June 5, 2019, Plaintiff attempted to make an

1

ATM deposit of a check in the amount of $5,333.82 at a Wells Fargo Bank, N.A. branch located in Newark, New Jersey. The bank declined to honor the check.

Mr. Ibrahim elaborates on his claim in his brief in opposition to the motion to dismiss.[1] Apparently the check was made out jointly to the Plaintiff and his spouse. Ms. Suvil, the branch manager, declined to accept it over the endorsement of Mr. Ibrahim alone. Plaintiff however alleges that Defendants could have easily verified the identification of his wife because the two had paid their Wells Fargo mortgage at that Wells Fargo branch at that branch for fourteen years. (DE 20.)

Plaintiff brings claims for breach of contract, breach of express warranty, fraudulent misrepresentation, negligence, and conversion of property.

## II.   Standard of Review

Federal courts are courts of limited jurisdiction and have an obligation to establish subject matter jurisdiction, even if they must decide the issue *sua sponte*. *See Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995). If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action because subject matter jurisdiction "calls into question the very legitimacy of a court's adjudicatory authority." *See Council Tree Commc'ns., Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The standard of

---

[1] The facts alleged in the Complaint are unclear. I have indulged this *pro se* Plaintiff by considering facts contained in his opposition to Defendants' motion to dismiss, on the theory that such facts could be realleged in a pleading.

review in a facial challenge is treated like a Rule 12(b)(6) motion to dismiss, in that the court must assume that the complaint's well-pleaded factual allegations are true. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

By contrast, where the existence of subject matter jurisdiction is challenged factually, "no presumptive truthfulness attaches to the plaintiff's allegations," and the court may consider evidence outside the pleadings to satisfy itself of its power to hear the case. *Id.* Thus "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).

Here, Defendants argue both facially and factually that Plaintiff has not established diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### III.  Analysis

Subject matter jurisdiction exists in federal courts on the basis of either (1) diversity of citizenship under 28 U.S.C. § 1332 or (2) federal question jurisdiction under 28 U.S.C. § 1331.[2] Diversity of citizenship requires "complete diversity" of all the parties, meaning that "in cases with multiple plaintiffs or multiple defendants, no plaintiff [can] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.,* 545 U.S. 546, 553, 125 S.Ct. 2611 (2005)). The essential inquiry in determining complete diversity is ascertaining the citizenship of each party to the action. *Id.* Citizenship for natural persons is determined based on the state in which the person is domiciled; a corporation is a citizen of the state in which it is incorporated, as

---

[2] Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists when a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. Of State of Cal. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Plaintiff's complaint does not invoke federal question jurisdiction. The complaint does not point to any federal statute, rule, regulation or case as the basis for his claims.

well as where it has its principal place of business. *Id.* In addition to complete diversity, 28 U.S.C. 1332 also requires that the amount in controversy for the matter exceed the sum or value of $75,000. *Id.*; 28 U.S.C. § 1332. Here, the complaint does not satisfy subject matter jurisdiction under 28 U.S.C. § 1332.

### A. Citizenship not diverse

Complete diversity does not exist. Because both plaintiff Ibrahim and defendant Suvil are citizens of New Jersey, this Court does not have diversity jurisdiction under § 1332(a).

Considering a facial challenge only, I find that the complaint fails to allege facts to establish complete diversity. Mr. Ibrahim, a citizen of New Jersey, filed his complaint against three defendants: Wells Fargo Bank, N.A., Timothy J. Sloan, and Tamara Suvil.[3] Under "Basis for Jurisdiction" the complaint alleges that defendants Sloan and Wells Fargo are citizens of North Carolina. The jurisdictional allegations say nothing, however, about the citizenship of defendant Tamara Suvil. Elsewhere in the complaint, however, Mr. Ibrahim alleges that Ms. Suvil is the branch manager at the Wells Fargo bank in Newark, New Jersey, where the incident occurred.[4] Because the complaint fails to allege that Suvil is a citizen of a state other than New Jersey, it fails to set forth jurisdiction and it must be dismissed on a facial jurisdictional challenge.

In addition, the complaint must be dismissed on a factual jurisdictional challenge. The Defendants have filed a certification from Ms. Suvil confirming that she is a resident and citizen of the State of New Jersey and was so on the

---

[3] Two other defendants, Wells Fargo phone representatives Melinda Doe and Nicole Doe, have been dropped. (DE 10.)

[4] Plaintiff asserts in his complaint that the address for Defendant Suvil is 980 South Orange Avenue, Newark, NJ, 07106, which is the address of the Wells Fargo branch bank. The implication is that Suvil was working at that Wells Fargo branch location when Plaintiff tried to deposit his check, and his opposition to the motion to dismiss confirms that this is what he intended to allege. Working in a state, of course, is not the same as being a citizen of that state. *See Santiago v. Fed. Express Freight, Inc.*, No. CV145081KMJBC, 2015 WL 6687617, at *3 (D.N.J. Oct. 30, 2015).

date that Plaintiff filed his complaint. (*See* DE 21.) That additional evidence fills the informational vacuum in the complaint and establishes affirmatively that diversity is lacking.

Plaintiff has filed a motion to strike Ms. Suvil's certification as untimely. The certification was filed on January 8, 2020, and cited in defendant's reply, which was filed on January 10, 2020. (*See* DE 23.) Considered as reply papers, these submissions were not untimely; under the local rules, replies are due seven days before the return date of the motion, which was January 21, 2020. *See* D.N.J. Loc. Civ. R. 7.1(d)(3). It would have been preferable to file the certification with Defendants' motion papers. Nevertheless, I do not find that the plaintiff was prejudiced. The facts in it should not have taken the plaintiff by surprise, in that they simply confirm what was stated in the motion to dismiss. In his motion to strike, Mr. Ibrahim did not indicate that he had any facts to offer in rebuttal regarding Suvil's state of citizenship. Nor did he forgo any opportunity to present evidence; on January 21, 2020, defendant filed his own unauthorized submission, titled "Plaintiff's Admissible Evidence to the court in Support of his Claim." (DE 24) I have considered this submission, which plaintiff offers in further support of his grievance against the bank, but it does not add any facts to indicate that this federal court has jurisdiction.

Because the plaintiff and one defendant are both citizens of New Jersey, this federal Court does not have subject matter jurisdiction over the case.

### B. Amount in Controversy

As stated, the lack of complete diversity requires that the case be dismissed for lack of jurisdiction. In the alternative, however, and for the sake of completeness, I also discuss the § 1332(a) amount-in-controversy requirement of $75,000.

The complaint alleges that the plaintiff is entitled to compensatory damages of $5,333.82, far below the jurisdictional threshold. The complaint also demands, however, $100,000 in punitive damages, broken down by the plaintiff as $20,000 per count. (DE 1, DE 20 at 4.) Punitive damages may be considered in ascertaining the amount in controversy. *See Packard v. Provident*

5

*Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (citing *Bell v. Preferred Life Assur. Soc'y,* 320 U.S. 238, 240, 64 S. Ct. 5, 6 (1943)). The Court held however, that "when a claim for punitive damages is 'patently frivolous and without foundation' . . . that amount cannot be considered as part of the amount in controversy." *Id.* (internal citation omitted). Furthermore, if it appears that punitive damages constitute "the bulk of the amount in controversy," and may have been asserted primarily to confer jurisdiction, "that claim should be given particularly close scrutiny." *Id.*

Punitive damages are warranted when a "wrongdoer's conduct is especially egregious." *Leimgruber v. Claridge Assocs., Ltd.*, 73 N.J. 450, 454, 375 A.2d 652, 654 (1977). They are awarded under a theory of punishment for the wrongdoer's misconduct, and to deter such conduct in the future. *Id.* Generally, under New Jersey law, a plaintiff cannot recover punitive damages for breach of contract claims where the harm is economic. *Nebraskaland, Inc. v. River St. Idealease, LLC,* 188 F. Supp. 3d 390, 400 (D.N.J. 2016). Additionally, something more than mere negligence, such as fraudulent intent, is necessary in order to grant punitive damages. *See Albright v. Burns*, 206 N.J. Super. 625, 636, 503 A.2d 386, 391 (App. Div. 1986) ("While Plaintiff's claim for punitive damages cannot rest upon suspicious circumstances alone, fraudulent misrepresentations would be sufficient basis for punitive damages, since intent rather than mere negligence would thus be satisfied.) (citing *Nappe v. Anschelewitz, Barr, Ansell & Bonello,* 97 *N.J.* 37, 50, 477 *A.*2d 1224 (1984)).

To begin with, the complaint does not allege any conduct so reprehensible as to support a claim for punitive damages. Even if mistaken, the bank's failure to honor a two-party check bearing the endorsement of only one party would not rise to the level of intentional conduct worthy of punishment.[5]

---

[5] In addition, the claimed amount of $100,000—approximately 18 times the amount of compensatory damages—would be constitutionally disproportionate. *Cf. State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003) (due process clause usually limits punitive damage awards to less than

Of the $100,000 in punitive damages claimed, $80,000 are attributed to the claims of breach of contract, breach of express warranty, negligence, and conversion of property. In general, punitive damages are not available in connection with non-tort claims for purely economic harm. *See Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 369–70, 544 A.2d 857 (1988) ("With rare exceptions, punitive damages are not available in an action for a breach of contract . . . and have been restricted to tort actions[.]") (internal quotations omitted).

That leaves only the fraud claim. Because I lack jurisdiction, I have not reached defendants' motion to dismiss the complaint for failure to state a claim, but for these purposes I note that the complaint does indeed fail to state facts sufficient to support a claim of fraud. It falls short of the heightened pleading requirements of Fed. R. Civ. P. 9(b) for fraud claims, considered in the context of New Jersey law. *Id.* ("Fraud of course is never presumed; it must be clearly and convincingly proven.") (citing *Williams v. Witt,* 98 N.J. Super. 1, 4, 235 A.2d 902 (App. Div. 1967); *Gerard v. DiStefano,* 84 *N.J.Super.* 396, 399, 202 A.2d 220 (Ch. Div. 1964)). In short, even if complete diversity had been pled or proven, which it was not, I would find that Plaintiff's claim for $100,000 in punitive damages is without foundation, and cannot be used to turn this $5,000 case into a $75,000 case.

### IV.    Conclusion

Because complete diversity of citizenship is lacking, the court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a). Alternatively, the $75,000 amount-in-controversy requirement is not met. For the reasons stated

---

ten times the size of the compensatory damages awarded; punitive damages award of four times the compensatory damages in that case came "close to the line of constitutional impropriety"). The same would be true of the $70,000 award that would be required to bring the amount in controversy above $75,000.

in this Opinion, I will GRANT Defendants' motion to dismiss this state-law complaint for lack of federal subject matter jurisdiction.

An appropriate Order follows.

Dated: July 24, 2020

/s/ Kevin McNulty

_____

**HON. KEVIN MCNULTY, U.S.D.J.**